IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
02 AUG -1 PM 1:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 99-41958-JSS |
| GULF STATES STEEL OF ALABAMA, INC., | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

======================================================

| | | |
|---|---|---|
| DOUBLECOTE, LLC, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | MC NO. 02-G-0938-E |
| | ) | (AP 01-40634) |
| JAMES HENDERSON, Trustee of Bankrupt Estate | ) | |
| of GULF STATES STEEL, INC. OF ALABAMA; | ) | |
| ABLECO FINANCE LLC. | ) | |
| Respondants. | ) | |

*****************************

| | | |
|---|---|---|
| MAGNECO/METREL INC., an Ohio corporation, | ) | |
| Movant, | ) | |
| v. | ) | MC NO. 02-G-0939-E |
| | ) | (AP 01-40699) |
| JAMES HENDERSON, Trustee of Bankrupt Estate | ) | |
| of GULF STATES STEEL, INC. OF ALABAMA; | ) | |
| ABLECO FINANCE LLC. | ) | |
| Respondants. | ) | |

ENTERED
AUG 1 2002

*****************************

| | | |
|---|---|---|
| QUEBEC CARTIER MINING COMPANY | ) | |
| Movant, | ) | |
| v. | ) | MC NO. 02-G-0954-E |
| | ) | (AP 01-40716) |
| JAMES HENDERSON, Trustee of Bankrupt Estate | ) | |
| of GULF STATES STEEL, INC. OF ALABAMA; | ) | |
| ABLECO FINANCE LLC. | ) | |
| Respondants. | ) | |

## MEMORANDUM OPINION

The above-styled consolidated cases are before the court upon motions for leave to appeal filed in each case. It is undisputed that the orders from which the movants seek leave to appeal are interlocutory. Appeals from interlocutory orders are permitted



Case 1:02-mc-00938-JFG   Document 8   Filed 08/01/02   Page 2 of 3

under 28 U.S.C. §158.  Whether to grant a motion to allow an interlocutory appeal is within the discretion of the district court.  In re Charter Company, 778 F.2d 617, 621 (11th Cir. 1985) (applying abuse of discretion standard to denial of motion for leave to appeal). Because 28 U.S.C. §158 does not provide any criteria for determining whether an interlocutory appeal should be allowed, a district court considering a motion for leave to appeal an interlocutory order may utilize the three-prong analysis set out in 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals form district courts to the courts of appeal.  In re Charter Company, 778 F.2d at 620, n. 5 (noting without disapproval that the district applied the section 1292(b) test).  This test requires the district court to consider whether "(1) the order in question involves a controlling question of law; (2) this controlling question of law presents substantial grounds for difference of opinion; and (3) an immediate appeal from the order in question may materially advance the ultimate termination of the litigation."  In re K O Trucking Company, Inc., 99 B.R. 78, 79 (N.D. Ala. 1988).

      Having reviewed the submissions of the parties and relevant portions of the record, the court concludes that interlocutory appeals are not appropriate in these cases.  It is clear to the court that additional factual development is required before there can be any meaningful consideration of the legal issues movants seek to have resolved. Therefore, even if it is assumed that a controlling question of law is in dispute, allowing immediate appeals from the orders of the bankruptcy judge denying the motions to dismiss will not materially advance the ultimate termination of the litigation.

2

The movants wish to have this court review on appeal the bankruptcy court's partial denial of motions to dismiss filed in each case. The bankruptcy court denied the portion of the motions to dismiss that asserted the lack of standing of the trustees as the real parties in interest to bring the various preference actions. A review of the motions to dismiss, the submissions filed with the bankruptcy court in connection with those motions, and the orders from which appeals are sought show that numerous factual issues would be relevant to the ultimate determination of the standing and real party in interest issues. It may be that the factual assertions underlying movants' arguments may ultimately be found not to be in question and motions for summary judgment proper. But that is not the present stage of the litigation. Should the bankruptcy court's ruling on a motion for summary judgment demonstrate that there are no disputed factual issues, an interlocutory appeal might be appropriate. But at the present time, allowing interlocutory appeals would accomplish nothing more than to demonstrate that further factual development is necessary for a proper determination of the legal issues involved.

For these reasons the court is not inclined to grant the motions for leave to appeal. An appropriate order will be entered contemporaneously herewith.

DONE this /s/ day of August 2002.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.